UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDRAE RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-CV-164 SNLJ |
| | ) |
| AMY WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Self-represented plaintiff Andrae Rhodes initiated this case on December 5, 2022 pursuant to 42 U.S.C. § 1983 against the Cape Girardeau County Sheriff's Office Jail, a correctional officer in her individual capacity, and the Jail Administrator in his official and individual capacities. ECF No. 1. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff alleged he was inappropriately tazed multiple times on March 10, 2022, and was not provided with subsequent medical care.

On January 12, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and granted his motion to proceed *in forma pauperis*. ECF No. 6. The Court determined his claim against the Cape Girardeau County Sheriff's Office Jail and official capacity claim against the Jail Administrator were subject to dismissal because the Jail was not an entity that could be sued under § 1983. Even if Cape Girardeau County was substituted for the Jail, plaintiff did not assert municipal liability. As to plaintiff's individual capacity claims, the Court noted plaintiff's failure to allege how the Jail Administrator was personally responsible for the alleged violations of his constitutional rights, and explained that he did not properly support his allegations

against the correctional officer for inadequate medical care. In consideration of plaintiff's self-represented status, the Court directed him to file an amended complaint to cure his pleading deficiencies. Plaintiff was mailed the appropriate Court-form and provided specific instructions on how to submit his amendment. He was warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice. Plaintiff had thirty (30) days, or until February 13, 2023, to file an amended complaint.

As of the date of this Order, plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him significant additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's January 12, 2023 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of March, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE